UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARTHURINE ANDERSON, AUREA PEDRAZA, MORRIS FELDMAN, and NANCY REED, <br><br> Plaintiffs, <br><br> v. <br><br> BOARD OF EDUCATION OF THE CITY OF CHICAGO, a body politic and corporate, and ARNE DUNCAN, WENDY HAAS, and CHERYL NEVINS in their individual capacities, <br><br> Defendants. | No. 05 C 3190 <br> Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Arthurine Anderson, Aurea Pedraza, Morris Feldman, and Nancy Reed are teachers employed by Defendant Board of Education of the City of Chicago ("the Board"). Plaintiff Aurea Pedraza is a former teacher who retired in April 2004. Plaintiffs allege that the Board and Board employees, Defendants Arne Duncan, Cheryl Nevins, and Wendy Haas, violated their federal and state due process rights as well as the Illinois tenure laws by placing them on involuntary medical leaves of absence without providing a hearing.

I have before me Defendants' motion to dismiss. A motion to dismiss under Rule 12(b)(6) is proper where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In reviewing a motion to dismiss, the court must construe all allegations in the complaint in the light most favorable to the plaintiff and accept all well-pleaded facts and allegations as true. *Bontkowski v. First Nat'l Bank*, 998 F.2d 459, 461 (7th Cir. 1993).

First, Defendants argue that Anderson's and Pedraza's federal due process claims, brought under § 1983, are barred by the doctrine of collateral estoppel. Collateral estoppel, also known as issue preclusion "bars the relitigation, in subsequent proceedings between the same parties concerning the same dispute, of specific issues heard and decided in their previous suit." *Amcast Indus. Corp. v. Detrex Corp.*, 45 F.3d 155, 158 (7th Cir. 1995). Anderson's and Pedraza's allegations that Defendants violated their § 1983 due process rights are virtually identical to allegations presented in a prior lawsuit. In that prior suit, Judge Darrah dismissed Anderson's and Pedraza's § 1983 claim with prejudice. See *Anderson v. Baord of Educ.*, No. 03 C 7871, 2004 U.S. Dist. Lexis 9267 (N.D. Ill. May 20, 2004). Anderson and Pedraza appealed Judge Darrah's decision but voluntarily withdrew it on October 1, 2004. Because Anderson's and Pedraza's § 1983 claims are for all intents and purposes identical to the prior claims decided by Judge Darrah, I find they are barred by collateral estoppel and should be dismissed.[1]

Next, Defendants argue that Feldman's and Reed's § 1983 claims fail because adequate state law remedies exist to address the alleged deprivation. Defendants make the same arguments here as they did in the prior suit filed by Anderson and Pedraza. I have carefully reviewed Judge's Darrah's May 20, 2004 decision on this issue and find his reasoning both sound and persuasive. For the reasons given in that opinion, I find that Feldman's and Reed's § 1983 claims should be dismissed.

Finally, Defendants argue that all of Plaintiffs state law and state constitutional claims are barred by the statute of limitations set forth in the Illinois Tort Immunity Act. The Act states that "[n]o civil action …may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the

---

[1] It is clear from their papers that Anderson and Pedraza disagree with Judge Darrah's dismissal. Refiling their claims, however, is not the proper way to seek redress. If they believed their claim was valid, Anderson and Pedraza should have pursued their appeal to its conclusion.

2

cause of action accrued." 745 ILCS 10/8-101(a). Although the Act defines a civil action as "any action, whether based upon the common law or statutes or Constitution of this State," Illinois courts have routinely held that § 8-101 "is narrow, applying only to tort actions." *Roark v. Macoupin Creek Drainage Dist.*, 738 N.E.2d 574, 584 (Ill. App. Ct. 2000); *see also People v. Chicago,* 758 N.E.2d 25 (Ill. App. Ct. 2001); *and Chicago Limousine Serv. v. City of Chicago*, 781 N.E.2d 421 (Ill. App. Ct. 2002). Since Plaintiffs' state law and state constitutional claims do not sound in tort, they are not barred by the Act's one-year statute of limitations.

As a final administrative matter, I must address Plaintiffs' request to have this case reassigned to Judge Darrah pursuant to Local Rule 40.3(b)(2), which provides that: "[w]hen a case is dismissed with prejudice or without, and a second case is filed involving the same parties and relating to the same subject matter, the second case shall be reassigned to the judge to whom the first case was assigned." Since two of the Plaintiffs and all of the Defendants were parties to a case dismissed by Judge Darrah, I think that it is best to have this case reassigned to his docket. I shall request that the Executive Committee of this Court do so subject to the consent of Judge Darrah. The parties may address any further motions to his court. I note that since I have relied so heavily on Judge Darrah's prior opinion, the parties have not been prejudiced by having this motion decided in my court.

For these reasons, Defendants' Motion to Dismiss is GRANTED in part and DENIED in part.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: August 26, 2005